UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES BALDWIN, | ) | CASE NO. 4:05CV0807 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 28, 200, pro se petitioner Charles Baldwin filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the United States of America. Mr. Baldwin, who is currently serving a 276 month prison term in the Federal Correctional Institute (FCI Elkton), claims he is actually innocent and seeks release from custody.

*Background*

Mr. Baldwin was indicted in the Eastern District Court of Wisconsin on August 3, 1993. The indictment charged him with possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841 (a)(1), and using and carrying a firearm in violation of 18 U.S.C. § 924(c). His attorney filed a motion to suppress, which the court denied.

A trial by jury commenced in October 1993. On October 21, 1993, the jury found Mr. Baldwin guilty of violating 21 U.S.C. § 841. The district court sentenced him to 276 months imprisonment on December 20, 1993. A notice of appeal was filed in the Seventh Circuit Court of Appeals, which affirmed the district court's judgment on July 19, 1995. United States v. Baldwin, 60

F.3d 363 (7th Cir. 1995).[1]

A petition for writ of certiorari was filed in the United States Supreme Court by an attorney on Mr. Baldwin's behalf. The Court granted petitioner leave to proceed in forma pauperis and his petition for writ of certiorari was granted. Baldwin v. United States, 517 U.S. 1231 (1996). The Court then ordered the judgment vacated and remanded the case to the United States Court of Appeals for the Seventh Circuit for further consideration in light of Ornelas v. United States, 517 U.S. 690 (1996).

On remand the Seventh Circuit reconsidered Mr. Baldwin's conviction in light of Ornelas, which held that the issue of probable cause is to be determined by the appellate court de novo. In its response after the remand, the Department of Justice argued that the de novo standard was the correct one to apply, but that, so applied, still required that Mr. Baldwin's conviction be affirmed. The Seventh Circuit construed the Department's statement as a motion for summary affirmance and asked Mr. Baldwin to respond, which he failed to do. The Seventh Circuit then construed his failure to respond as an acknowledgment that the only statement made to him in an effort to induce him to make a statement was that the interrogator would bring his cooperation to the attention of the prosecutor. The court determined further that Mr. Baldwin acknowledged that in United States v. Pace, 898 F.2d 1218 (7th Cir.1990), the Seventh Circuit held that such a statement is not coercive and does not render a confession elicited by it involuntary. Based on these determinations, the court reaffirmed its judgment.

---

[1] The appellate court held that the voluntariness of a confession is reviewed on appeal for clear error, overruling, United States v. Hawkins, 823 F.2d 1020 (7th Cir. 1987), and finding that defendant's inculpatory statements were voluntary.

2

United States v. Baldwin, No. 94-1025, 1997 WL 471328, at *1 (7th Cir. Aug. 14, 1997). Mr. Baldwin filed a motion to vacate his sentence on October 9, 1998, which the district court denied on June 18, 1999.

*Analysis*

In his petition before this court, Mr. Baldwin asserts that he is "actually innocent of the entire association of the drugs." (Mem. Support Pet. at 2.) Specifically, he recounts the facts leading to his arrest and conviction, wherein he argues that he was renting the structure that was raided on the February 3, 1993. He claims he was

> totally oblivious to the facts [sic] there was any type of drug activity, or drugs, in various spots throughout his apartment. . . . This defendant's stepson was in the midst of throwing a party on that night, and readily admitted that, and gave testimony, that all the drugs found in the apartment belonged to him and that he intentionally hid some drugs in places throughout the house because of the rather street tough crowd that was going to be in attendance at the party.

(Mem. Support Pet. at 2.) He asserts that it would be a manifest injustice if this court does not permit him to "put forth before the court, at an plenary hearing, the complete facts." Id. He cites Hillary v. United States, 157 F.3d 444 (6th Cir. 1998) to support his assertion that his innocence does not reflect merely legal insufficiencies, but an actual innocence that entitles him to habeas relief from this court.[2] He adds that, as required by Schlup v. Delo, 513 U.S. 298 (1995), he can present reliable evidence

---

[2] The actual case caption for that Federal Reporter is "*Hilliard* v. United States," not "*Hillary* v. United States."

3

to support allegations that were never presented.[3]

With regard to the sentence imposed by the District Court of Wisconsin, Mr. Baldwin maintains that this issue "is being presented severed from this motion, even though it was part of the original motion." The issue he is addressing focuses on the fact that the trial court found, based on a preponderance of the evidence, that Mr. Baldwin possessed 8.387 grams of cocaine base. In addition, his sentence was enhanced based on an obstruction of justice charge and his status as a career offender; all of which resulted in a guideline sentencing range of 262-327 months. Mr. Baldwin does not set forth a legal basis upon which this court should reexamine his sentence, however, or to what range he is seeking an adjustment.

*Federal Habeas Corpus Petitions*
*28 U.S.C. §2241*

Before the court can address the merits of Mr. Baldwin's petition, the question of whether his claim is properly raised in a § 2241 habeas petition must first be determined. Generally, if a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, 122 S.Ct. 493 (2001). But where, as here, a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in excess of the maximum

---

[3]Schlup is clearly not applicable to this case. In Schlup, the Supreme Court held that the standard of Murray v. Carrier, 477 U.S. 478 (1986), which requires a procedurally defaulted habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent, rather than more stringent Sawyer v. Whitley, 505 U.S. 333 (1992) standard, governs miscarriage of justice inquiry when petitioner who has been sentenced to death raises a claim of actual innocence to avoid a procedural bar to consideration of merits of constitutional claims. Schlup, 513 U.S. at 323-24.

authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998).

If it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," however, § 2255 does provide a safety valve wherein a federal prisoner may challenge his conviction or the imposition of his sentence pursuant t § 2241. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (amending 28 U.S.C. § 2255) ("AEDPA"). Although the Sixth Circuit has not determined the exact scope of the savings clause, it appears that a prisoner must at least show factual innocence. See Charles, 180 F.3d at 757.

With regard to the present case, Mr. Baldwin asserts exclusively that he is "actually innocent." He does not avow, however, that this court has habeas corpus jurisdiction under the savings clause because his remedy under § 2255 is inadequate or ineffective. Instead, he cites the Hilliard case wherein the court held that instructions on "use" of a firearm during and in relation to drug trafficking crime were invalid in light of Bailey v. United States, 516 U.S. 137 (1995); (2) an instruction on "carrying" a firearm during and in relation to a drug trafficking crime was improper; and (3) that the defendant did not suffer actual prejudice or establish actual innocence necessary for grant of collateral

5

relief based on a belated objection to erroneous jury instructions. Hilliard, 157 F.3d at 446. In any case, the defendant in Hilliard sought collateral review of his conviction "based on facts which required that he show either (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, Rattigan v. United States, 151 F.3d 551, 555 (6th Cir.1998) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)), or (2) that he is actually innocent. United States v. Shaid, 937 F.2d 228, 232 (5th Cir.1991) (en banc)." Id.

This court can not and will not construe Mr. Baldwin's petition as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In re Shelton, 295 F.3d 620, 622 (6th Cir.2002). Therefore, his assertions of actual innocence pursuant to Shaid are misplaced. Shaid, 937 F.2d at 232 (federal prisoner challenging his conviction on collateral review must meet the cause and actual prejudice test even when he alleges a fundamental constitutional error).

With regard to his request before this court for habeas relief pursuant to 28 U.S.C. § 2241, it can only be granted if this court has personal jurisdiction over petitioner's custodian and if his remedy under section 2255 is inadequate or ineffective to test the legality of his conviction. Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir.2000), cert. denied, 534 U.S. 1001 (2001). A federal prisoner may not challenge his sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles, 180 F.3d at 755-56; Capaldi, 135 F.3d at 1123. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw v. Story, 86 F.3d

6

164, 166 (10th Cir. 1996).

Although this court has personal jurisdiction over Mr. Baldwin's custodian, it cannot grant to the writ. There is no allegation that petitioner's remedy under § 2255 is inadequate or ineffective. The § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998). Without an allegation that his remedy under § 2255 is inadequate or ineffective for reasons other than those prohibited by the courts, Mr. Baldwin is not entitled to habeas relief from this court pursuant to 28 U.S.C. § 2241.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: June 13, 2005         *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE